**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4309-18T2

SAMSON ELECTRICAL
SUPPLY CO.,

     Plaintiff-Respondent,

v.

FAMULARO ELECTRIC, LLC;
SHI-II HILLSBOROUGH, LLC;
CONGRESS BUILDING CORP.;
ARCH INSURANCE COMPANY;
and COOPER ELECTRIC
SUPPLY CO.,

     Defendants,

and

CONGRESS BUILDING CORP.,

     Third-Party Plaintiff/
     Respondent.

v.

JAMES R. FAMULARO,

     Third-Party Defendant/
     Appellant,

and

DAVID APRICENO,

     Third-Party Defendant.

_____

Argued March 4, 2020 – Decided September 15, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0347-18.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the brief).

Jonathan T. Guldin argued the cause for respondent Congress Building Corp. (Clark Guldin, Attorneys at Law, attorneys; Jonathan T. Guldin and Damien L. Bevelle, of counsel and on the brief).

Respondent Samson Electrical Supply Co. has not filed a brief.

PER CURIAM

Third-party defendant James R. Famularo (Famularo) appeals the May 7, 2019 order that denied his motion to vacate a final judgment by default entered against him by third-party plaintiff Congress Building Corporation (Congress) for $294,666.64. We affirm.

2

I.

Congress was the general contractor of an assisted living facility construction project in Hillsborough. It hired Famularo Electric, LLC (the LLC) as the electrical subcontractor on the project. Ibid. Famularo is the president and a managing member of the LLC. The LLC subcontracted with plaintiff Samson Electrical Supply Company (Samson) to supply materials for use in the project.

Samson claimed it was not paid for materials it supplied for the project. It filed a construction lien claim against the construction project. In March 2018, it sued the LLC, Congress and other entities involved in the construction project in an action in the Law Division, seeking payment.

On May 15, 2018, Congress and defendant Arch Insurance Company filed an answer, denying the claims, which also included a crossclaim by Congress against the LLC and a third-party complaint against Famularo and third-party defendant David Apriceno, Vice-President of the LLC, individually. The crossclaims alleged claims for breach of contract, promissory estoppel, unjust enrichment, contribution, indemnification and fraud against the LLC. Ibid. The fraud count also alleged that Famularo and Apriceno—in their individual capacities—made knowing misrepresentations to Congress that the LLC had

3

paid the material suppliers when they had not, that they intended Congress to rely on these representations and that Congress reasonably relied to its detriment and suffered damages.

Famularo did not answer the third-party complaint by Congress.[1] Congress requested entry of a default. The certification in support of the motion stated the pleading was served on Famularo on May 21, 2018, at Famularo's place of business and accepted by Apriceno as "custodian of records." Famularo later acknowledged that the pleadings were served on him.

On June 26, 2018, a default was entered against the LLC, Famularo and Apriceno. A notice of default was served on Famularo at his business address on June 29, 2018.

On July 17, 2018, Congress requested entry of a default judgment against all three parties—the LLC, Famularo and Apriceno—certifying in support of the motion that the summons and pleadings were properly served

Joshua Roccapriore, Congress's project manager, certified the LLC submitted multiple affidavits of debts and claims seeking progress payments from Congress. These were prepared by Apriceno and signed and certified to

---

[1] The LLC also did not answer Samson's complaint. A final judgment by default was entered on June 18, 2018 against the LLC in favor of Samson for $148,027.20 plus taxed costs that included attorney's fees.

by Famularo. Those affidavits provided that "payment has been made in full and all obligations have . . . been satisfied for all material, and equipment furnished, for all work, labor, and services performed . . . ." Also, what purported to be lien waivers by the material suppliers were attached to the affidavits. Roccapriore certified that in reliance on these, Congress paid the LLC $1,402,667.05. However, the material suppliers contacted Congress and filed liens because they had not been paid. Congress alleged it then made additional payments to the material suppliers of $294,666.64, including a bond premium. Congress certified that "documents upon which Congress relied in making certain payments to [the LLC] were forged by Mr. Famularo and Mr. Apriceno."

On August 31, 2018, a default judgment was entered against the LLC, Famularo and Apriceno, but there was an error in the amount. An amended final default judgment was entered on September 7, 2018 for $309,183.54,[2] of which $294,666.64 was entered jointly and severally against the LLC and the individual defendants, Famularo and Apriceno.

---

[2] This included attorney's fees and costs of $14,516.90 but not prejudgment interest of $5226.62.

While the default judgment application was pending, Congress filed an amended answer, crossclaim and third-party complaint against the LLC, Famularo and Apriceno, which was granted on August 31, 2018. This added a counterclaim against Samson.

Famularo filed a motion to vacate the default judgment to permit him to file an answer to the third-party complaint. Famularo certified in support of the motion that he was served with the summons, answer and third-party complaint on May 21, 2018. He attached the affidavit of service as an exhibit.

Famularo alleged he did not answer the third-party complaint because of "excusable neglect," arguing his health problems—diabetes and arthritis—required his "full attention." He claimed he was hospitalized for three weeks in October 2017 for sepsis. He claimed he had to go to the podiatrist a number of times between October 6, 2017 and February 26, 2019. In June 2017, he said he had toes amputated and was "unavailable for about [six] weeks." He argued he was being treated by another doctor for "end-stage degenerative arthritis." He claimed he had knee replacements on April 10 and 14, 2018, and "was bedridden for approximately [six] weeks." He certified he had a number of follow-up doctors' visits.

Congress opposed the motion. Congress noted that Famularo had a number of opportunities to respond to the third-party complaint or make contact with Congress but did not.

Famularo's motion to vacate was denied on May 7, 2019. In its written statement of reasons, the trial court said it was "not persuaded by [Famularo's] excusable neglect nor ha[d] [he] set forth a meritorious defense." Famularo did not claim he was not served with the third-party complaint. Although his proposed answer denied the allegations in the third-party complaint, the trial court found this was "nothing more than a general denial" and he did "not certify to any specific facts to support his general defenses to the fraud claims asserted against him." Famularo alleged that Congress made "misrepresentations" about him but "fail[ed] to provide any certification or proof in support of same."

On appeal, Famularo raises the single issue that the trial court abused its discretion by denying his motion to vacate the default judgment.

II.

Rule 4:50-1 "governs an applicant's motion for relief from default when the case has proceeded to judgment." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). Once the court has entered a default judgment, relief from the judgment must satisfy one of the following reasons:

(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

An application to vacate a default judgment pursuant to Rule 4:50-1 is to be "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964). The defendant must also show that he has a meritorious defense. Id. at 318.

We review the order denying a motion to vacate a default judgment under an abuse of discretion standard. See Mancini v. EDS, 132 N.J. 330, 334 (1993); see Guillaume, 209 N.J. at 467 (requiring "a clear abuse of discretion" to vacate). An abuse of discretion occurs when the trial court's decision, "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)

(quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Under Rule 4:50-1(a), the judge must find that the defendant's failure to appear resulted from neglect excusable under the circumstances. Mancini, 132 N.J. at 334 (citation omitted). The judge may find excusable neglect when the defendant's conduct was "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Id. at 335 (citations omitted).

Subsection "f" should be used "sparingly," First Morris Bank & Tr. v. Roland Offset Serv., Inc., 357 N.J. Super. 68, 71 (App. Div. 2003), and relief is available only when "truly exceptional circumstances are present." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). "[This] rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 289).

Famularo argues for the first time on appeal that he was not properly served with the third-party complaint. The affidavit of service indicates that service for Famularo was made on Apriceno as "custodian of records." Famularo argues there is nothing in the record to show Apriceno was authorized to accept service for Famularo.

We decline to address what the trial court did not have the opportunity to address. See State v. Galicia, 210 N.J. 364, 383 (2012) (observing that "[g]enerally, an appellate court will not consider issues . . . which were not raised below."). If we were to consider the issue, we note that Famularo acknowledged in his certification that he received the summons, answer and third-party complaint on May 21, 2018, and never raised the issue in any other stage of the proceedings. Thus, not only does the argument contradict his certification, but he did not raise it when he had the opportunity and does not explain why he did not raise it earlier.

We disagree with Famularo's argument that he should be able to vacate the default judgment because Congress had permission to file an amended answer, crossclaim and third-party complaint. The subsequent amended pleading was for the purpose of asserting a counterclaim against Samson. Famularo was in default and could not respond.

We perceive no abuse of discretion by the trial judge by denying the motion to vacate because Famularo did not show excusable neglect or a meritorious defense. The trial court was not persuaded by Famularo's excusable neglect argument. The record showed that Famularo's hospitalization in October 2017 was several months before the third-party complaint was filed. He claimed

A-4309-18T2

his knee surgery and convalescence was in early April 2018, extending into May, but he did not explain why he could not answer the complaint in June 2018, or provide any medical records. Famularo took no responsive action when notified of the default or default judgment, which was after the hospitalizations. He did not provide any verification that his health prevented him from responding.

The trial court did not abuse its discretion in determining Famularo did not show a meritorious defense. The unrebutted proofs were that it was Famularo who certified the documents that said the material suppliers had been paid when they were not. Famularo did not dispute that Congress made payments to the material suppliers of $294,666.64, that he knew about this or that Congress relied on these financial documents to its detriment. Famularo's argument about the lack of a personal guarantee did not address these claims. Thus, the trial court's findings on fraud were supported by the certifications as was the amount of the final judgment.

After carefully reviewing the record and the applicable legal principles, we conclude that Famularo's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-4309-18T2